IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DOCUMENT GENERATION CORPORATION, | |
| Plaintiff, | |
| v. | |
| ALLMEDS, INC., | |
| ALLSCRIPTS, LLC, | |
| CERNER CORPORATION, | |
| HEALTHPORT, INC., | |
| ECLINICALWORKS, LLC, | |
| SAGE SOFTWARE HEALTHCARE, INC., | CASE NO. 3:07-cv-00841-GPM-DGW |
| AMT SOLUTIONS, INC., a/k/a e-MDs, INC., | JURY TRIAL DEMANDED |
| iMEDICA CORPORATION, | |
| McKESSON CORPORATION, | |
| MEDINOTES CORPORATION, | |
| MISYS HEALTHCARE SYSTEMS, LLC, | |
| NEXTGEN HEALTHCARE INFORMATION SYSTEMS, INC., | |
| NOTEWORTHY MEDICAL SYSTEMS, INC., | |
| INFOR-MED MEDICAL INFORMATION SYSTEMS, INC., | |
| PULSE SYSTEMS, INC., f/k/a ADVANCED HEALTH CARE SYSTEMS, INC., | |
| SSIMED, LLC, | |

1

**PHYSICIAN MICRO SYSTEMS, INC.,**

and

**A4 HEALTH SYSTEMS, INC.,**

          Defendants.

## ORIGINAL COMPLAINT

Plaintiff Document Generation Corporation ("Plaintiff") files this Original Complaint against AllMeds, Inc. ("AllMeds"), Allscripts, LLC ("Allscripts"), Cerner Corporation ("Cerner"), Healthport, Inc. ("Healthport"), eClinicalWorks, LLC ("eClinicalWorks"), Sage Software Healthcare, Inc. ("Sage"), AMT Solutions, Inc., a/k/a e-MDs, Inc. ("AMT"), iMedica Corporation ("iMedica"), McKesson Corporation ("McKesson"), MediNotes Corporation ("MediNotes"), Misys Healthcare Systems, LLC ("Misys"), NextGen Healthcare Information Systems, Inc. ("NextGen"), Noteworthy Medical Systems, Inc. ("Noteworthy"), Infor-Med Medical Information Systems, Inc. ("Infor-Med"), Pulse Systems, Inc., f/k/a Advanced Health Care Systems, Inc. ("Pulse"), SSIMED, LLC ("SSIMED"), Physician Micro Systems, Inc. ("Physician Micro Systems") and A4 Health Systems, Inc. ("A4 Health") (collectively referred to herein as "Defendants"), for infringement of United States Patent No. 5,148,366 ("the '366 patent").

## JURISDICTION

1.     This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States' patent statutes.

3.     Plaintiff Document Generation Corporation is a Delaware corporation, located in Newport Beach, California.

4.     Defendant AllMeds is a Tennessee corporation with its principle office in Oak Ridge, Tennessee.  This Court has personal jurisdiction over Defendant AllMeds because AllMeds has committed, and continues to commit, acts of infringement in the state of Illinois, has conducted business in the state of Illinois and/or AllMeds has engaged in continuous and systematic activities in the state of Illinois.

5.     Defendant Allscripts is a Delaware limited liability company with its principle office in Chicago, Illinois.  This Court has personal jurisdiction over Defendant Allscripts because Allscripts is registered to conduct business in the state of Illinois, maintains a registered agent for service of process in the state of Illinois, is headquartered in the state of Illinois, has committed, and continues to commit, acts of infringement in the state of Illinois, has conducted business in the state of Illinois and/or has engaged in continuous and systematic activities in the state of Illinois.

6.     Defendant Cerner is a Delaware corporation with it principle office in Kansas City, Missouri.  This Court has personal jurisdiction over Defendant Cerner because Cerner is registered to conduct business in the state of Illinois, maintains a registered agent for service of process in the state of Illinois, has committed, and continues to commit, acts of infringement within the state of Illinois, has conducted business in the state of Illinois and/or has engaged in continuous and systematic activities in the state of Illinois.

7. Defendant Healthport is a South Carolina corporation with its principle office in Columbia, South Carolina. This Court has personal jurisdiction over Defendant Healthport because Healthport has committed, and continues to commit, acts of infringement in the state of Illinois, has conducted business in the state of Illinois and/or has engaged in continuous and systematic activities in the state of Illinois.

8. Defendant eClinicalWorks is a Massachusetts corporation with its principle office in Westborough, Massachusetts. This Court has personal jurisdiction over Defendant eClinicalWorks because eClinicalWorks has committed, and continues to commit, acts of infringement in the state of Illinois, has conducted business in the state of Illinois and/or has engaged in continuous and systematic activities in the state of Illinois.

9. Defendant Sage is a Delaware corporation with its principle office in Tampa, Florida. This Court has personal jurisdiction over Defendant Sage because Sage is registered to conduct business in the state of Illinois, maintains a registered agent for service of process in the state of Illinois, has committed, and continues to commit, act of infringement in the state of Illinois, has conducted business in the state of Illinois and/or has engaged in continuous and systematic activities in the state of Illinois.

10. Defendant AMT is a Texas corporation with its principle office in Austin, Texas. This Court has personal jurisdiction over Defendant AMT because AMT has committed, and continues to commit, acts of infringement in the state of Illinois, has conducted business in the state of Illinois and/or has engaged in continuous and systematic activities in the state of Illinois.

11. Defendant iMedica is a California corporation with its principle office in Santa Clara, California. This Court has personal jurisdiction over Defendant iMedica because iMedica has committed, and continues to commit, acts of infringement in the state of Illinois, has

conducted business in the state of Illinois and/or has engaged in continuous and systematic activities in the state of Illinois.

12. Defendant McKesson is a Delaware corporation with its principle office in San Francisco, California. This Court has personal jurisdiction over Defendant McKesson because McKesson is registered to conduct business in the state of Illinois, maintains a registered agent for service of process in Illinois, has committed, and continues to commit, acts of infringement in the state of Illinois, has conducted business in the state of Illinois and/or has engaged in continuous and systematic activities in the state of Illinois.

13. Defendant MediNotes is an Iowa corporation with its principle place of business in West Des Moines, Iowa. This Court has personal over Defendant MediNotes because MediNotes has committed, and continues to commit, acts of infringement in the state of Illinois, has conducted business in the state of Illinois and/or has engaged in continuous and systematic activities in the state of Illinois.

14. Defendant Misys is a North Carolina limited liability company with its principle place of business in Raleigh, North Carolina. This Court has personal over Defendant Misys because Mysis has committed, and continues to commit, acts of infringement in the state of Illinois, has conducted business in the state of Illinois and/or has engaged in continuous and systematic activities in the state of Illinois.

15. Defendant NextGen is a California corporation with its principle place of business in Horsham, Pennsylvania. This Court has personal over Defendant NextGen because NextGen has committed, and continues to commit, acts of infringement in the state of Illinois, has conducted business in the state of Illinois and/or has engaged in continuous and systematic activities in the state of Illinois.

16. Defendant Noteworthy is an Ohio corporation with its principle place of business in Cleveland, Ohio. This Court has personal over Defendant Noteworthy because Noteworthy has committed, and continues to commit, acts of infringement in the state of Illinois, has conducted business in the state of Illinois and/or has engaged in continuous and systematic activities in the state of Illinois.

17. Defendant Infor-Med is a California corporation with its principle place of business in Woodland Hills, California. This Court has personal jurisdiction over Defendant Infor-Med because Infor-Med has committed, and continues to commit, acts of infringement in the state of Illinois, has conducted business in the state of Illinois and/or has engaged in continuous and systematic activities in the state of Illinois.

18. Defendant Pulse is a Kansas corporation with its principle office in Wichita, Kansas. This Court has personal jurisdiction over Defendant Pulse because Pulse has committed, and continues to commit, acts of infringement in the state of Illinois, has conducted business in the state of Illinois and/or has engaged in continuous and systematic activities in the state of Illinois.

19. Defendant SSIMED is a Delaware corporation with its principle office in Windsor, Connecticut. This Court has personal jurisdiction over Defendant SSIMED because SSIMED has committed, and continues to commit, acts of infringement in the state of Illinois, has conducted business in the state of Illinois and/or has engaged in continuous and systematic activities in the state of Illinois.

20. Defendant Physician Micro Systems is a Washington corporation with its principle office in Seattle, Washington. This Court has personal jurisdiction over Defendant Physician Micro Systems because Physician Microsystems has committed, and continues to commit, acts of

infringement in the state of Illinois, has conducted business in the state of Illinois and/or has engaged in continuous and systematic activities in the state of Illinois.

21.     Defendant A4 Health is a North Carolina corporation with its principle office in Chicago, Illinois.  This Court has personal jurisdiction over Defendant A4 Health because A4 Health is registered to conduct business in the state of Illinois, maintains a registered agent for service of process in the state of Illinois, has committed, and continues to commit, acts of infringement in the state of Illinois, has conducted business in the state of Illinois and/or has engaged in continuous and systematic activities in the state of Illinois.

22.     On information and belief, Defendants' products that are alleged herein to infringe are made, used, imported, offered for sale and/or sold in the Southern District of Illinois.

23.     This Court has personal jurisdiction over Defendants because Defendants have committed acts of infringement in this district; are deemed to reside in this district; do business in this district; and/or have systematic and continuous contacts in this district.

## VENUE

24.     Venue is proper in the Southern District of Illinois pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendants are deemed to reside in this district.  In addition, and in the alternative, one or more Defendants have committed acts of infringement in this district and have regular and established places of business in this district.

## INFRINGEMENT OF UNITED STATES PATENT NO. 5,148,366

25.     Plaintiff incorporates paragraphs 1 through 24 herein by reference.

26.     This cause of action arises under the patent laws of the United States and, in particular, 35 U.S.C. §§ 271, *et seq*.

27.     Plaintiff Document Generation Corporation is the exclusive licensee of the '366 patent with rights to enforce the '366 patent and sue infringers.

28. A copy of the '366 patent, titled "Computer-Assisted Documentation System for Enhancing or Replacing the Process of Dictating and Transcribing," is attached hereto as Exhibit A.

29. The '366 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

30. On information and belief, Defendant AllMeds has infringed and continues to infringe on the '366 patent by making, using, importing, offering for sale and/or selling products and services, among other things, covered by one or more claims of the '366 patent, including, but not limited to, AllMeds EMR.

31. On information and belief, Defendant Allscripts has infringed and continues to infringe on the '366 patent by making, using, importing, offering for sale and/or selling products and services, among other things, covered by one or more claims of the '366 patent, including, but not limited to, HealthMatics EHR.

32. On information and belief, Defendant Cerner has infringed and continues to infringe on the '366 patent by making, using, importing, offering for sale and/or selling products and services, among other things, covered by one or more claims of the '366 patent, including, but not limited to, PowerWorks EMR.

33. On information and belief, Defendant Healthport has infringed and continues to infringe on the '366 patent by making, using, importing, offering for sale and/or selling products and services, among other things, covered by one or more claims of the '366 patent, including, but not limited to, HealthPort EMR.

34. On information and belief, Defendant eClinicalWorks has infringed and continues to infringe on the '366 patent by making, using, importing, offering for sale and/or selling

products and services, among other things, covered by one or more claims of the '366 patent, including, but not limited to, eClinicalWorks EMR.

35. On information and belief, Defendant Sage has infringed and continues to infringe on the '366 patent by making, using, importing, offering for sale and/or selling products and services, among other things, covered by one or more claims of the '366 patent, including, but not limited to, Intergy.

36. On information and belief, Defendant AMT has infringed and continues to infringe on the '366 patent by making, using, importing, offering for sale and/or selling products and services, among other things, covered by one or more claims of the '366 patent, including, but not limited to, e-MDs Solution Series and e-MDs Chart.

37. On information and belief, Defendant iMedica has infringed and continues to infringe on the '366 patent by making, using, importing, offering for sale and/or selling products and services, among other things, covered by one or more claims of the '366 patent, including, but not limited to, iMedica PRM.

38. On information and belief, Defendant McKesson has infringed and continues to infringe on the '366 patent by making, using, importing, offering for sale and/or selling products and services, among other things, covered by one or more claims of the '366 patent, including, but not limited to, Total Practice Partner, Practice Partner Patient Records, and PracticePoint Chart.

39. On information and belief, Defendant MediNotes has infringed and continues to infringe on the '366 patent by making, using, importing, offering for sale and/or selling products and services, among other things, covered by one or more claims of the '366 patent, including, but not limited to, MediNotes e EMR and Charting Plus.

40. On information and belief, Defendant Misys has infringed and continues to infringe on the '366 patent by making, using, importing, offering for sale and/or selling products and services, among other things, covered by one or more claims of the '366 patent, including, but not limited to, Misys EMR.

41. On information and belief, Defendant NextGen has infringed and continues to infringe on the '366 patent by making, using, importing, offering for sale and/or selling products and services, among other things, covered by one or more claims of the '366 patent, including, but not limited to, NextGen emr.

42. On information and belief, Defendant Noteworthy has infringed and continues to infringe on the '366 patent by making, using, importing, offering for sale and/or selling products and services, among other things, covered by one or more claims of the '366 patent, including, but not limited to, Noteworthy EHR.

43. On information and belief, Defendant Infor-Med has infringed and continues to infringe on the '366 patent by making, using, importing, offering for sale and/or selling products and services, among other things, covered by one or more claims of the '366 patent, including, but not limited to, Praxis EMR.

44. On information and belief, Defendant Pulse has infringed and continues to infringe on the '366 patent by making, using, importing, offering for sale and/or selling products and services, among other things, covered by one or more claims of the '366 patent, including, but not limited to, Pulse Patient Relationship Management and Pulse Patient EHR.

45. On information and belief, Defendant SSIMED has infringed and continues to infringe on the '366 patent by making, using, importing, offering for sale and/or selling products and services, among other things, covered by one or more claims of the '366 patent, including, but not limited to, SSIMED EMRge.

46. On information and belief, Defendant Physician Micro Systems has infringed and continues to infringe on the '366 patent by making, using, importing, offering for sale and/or selling products and services, among other things, covered by one or more claims of the '366 patent, including, but not limited to, Total Practice Partner and Practice Partner Patient Records.

47. On information and belief, Defendant A4 Health has infringed and continues to infringe on the '366 patent by making, using, importing, offering for sale and/or selling products and services, among other things, covered by one or more claims of the '366 patent, including, but not limited to, HealthMatics EHR.

48. On information and belief, Defendants contributorily infringed one or more claims of the '366 patent and continue to contributorily infringe one or more claims of the '366 patent, pursuant to 35 U.S.C. § 271, in the United States, including in this judicial district.

49. On information and belief, Defendants have induced others to infringe one or more claims of the '366 patent and continue to induce others to infringe one or more claims of the '366 patent, pursuant to 35 U.S.C. § 271, in the United States, including in this judicial district.

50. Defendants actions complained of herein will continue unless Defendants are enjoined by this Court.

51. This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

52. Plaintiff has complied with 35 U.S.C. § 287.

53. Defendants' actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint;

(b) Enjoin Defendants, their agents, officers, servants, employees, attorneys and all persons in active concert or participation with Defendants who receive notice of the order from further infringement of United States Patent No. 5,148,366;

(c) Award Plaintiff damages resulting from Defendants' infringement in accordance with 35 U.S.C. § 284;

(d) Treble the damages in accordance with the provisions of 35 U.S.C. § 284;

(e) Find the case to be exceptional under the provisions of 35 U.S.C. § 285;

(f) Award Plaintiff reasonable attorney fees under 35 U.S.C. § 285;

(g) Order the impounding and destruction of all Defendants' products that infringe the '366 patent;

(h) Award Plaintiff interest and costs; and

(i) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Respectfully Submitted,

**SIMON PASSANANTE, P.C.**

By: _/s/ Anthony G. Simon_____
Anthony G. Simon         #6209056
SIMON PASSANANTE, PC
701 Market Street, Suite 1450
St. Louis, MO 63101
P. (314) 241-2929
F. (314) 241-2029

ATTORNEYS FOR PLAINTIFF
DOCUMENT GENERATION
CORPORATION