IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DOCUMENT GENERATION  )
CORPORATION,  )
  )
    Plaintiff/Counter Defendant,  )
  )
vs.  ) CIVIL NO. 07-841-GPM
  )
ALLMEDS, INC., et al.,  )
  )
    Defendants/Counterclaimants.  )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

### I. INTRODUCTION

Plaintiff/Counter Defendant Document Generation Corporation ("DGC") brings this action under 35 U.S.C. § 271 for alleged infringement of United States Patent No. 5,148,366 ("the '366 patent") by Defendants/Counterclaimants AllMeds, Inc. ("AllMeds"), Allscripts, LLC ("Allscripts"), Cerner Corporation ("Cerner"), Healthport, Inc. ("Healthport"), eClinicalWorks, LLC ("eClinicalWorks"), iMedica Corporation ("iMedica"), MediNotes Corporation ("MediNotes"), Misys Healthcare Systems, LLC ("Misys"), NextGen Healthcare Information Systems, Inc. ("NextGen"), Noteworthy Medical Systems, Inc. ("Noteworthy"), Infor-Med Medical Information Systems, Inc. ("Infor-Med"), Pulse Systems, Inc. ("Pulse"), f/k/a Advanced Health Care Systems, Inc., Physician Micro Systems, Inc. ("PMSI"), A4 Health Systems, Inc. ("A4 Health"), General Electric Company ("GE") d/b/a GE Healthcare d/b/a GE Healthcare, Inc., and McKesson Information Solutions, LLC ("McKesson"), together with non-counterclaiming Defendant AMT Solutions, Inc.

("AMT"), a/k/a e-MDs, Inc.[1]  All seventeen Defendants and Defendants/Counterclaimants in this case have answered DGC's operative complaint, and counterclaims for a judicial declaration of non-infringement and invalidity of the '366 patent pursuant to 28 U.S.C. § 2201 have been brought by NextGen, AllMeds, Misys, eClinicalWorks, Cerner, Pulse, Healthport, Infor-Med, McKesson, PMSI, Allscripts, A4 Health, MediNotes, GE, iMedica, and Noteworthy.  This matter currently is before the Court on DGC's motion for voluntary dismissal of its patent infringement claim without prejudice (Doc. 260) and the motion to strike DGC's motion for voluntary dismissal brought by McKesson, PMSI, Cerner, NextGen, Healthport, GE, MediNotes, iMedica, AMT, Allscripts, Misys, and AllMeds (Doc. 263).  For the following reasons the Court grants DGC's motion for voluntary dismissal and denies the motion to strike.

## II. ANALYSIS

DGC's request for voluntary dismissal of this case is governed, of course, by Rule 41 of the Federal Rules of Civil Procedure.  Under Rule 41 a plaintiff can voluntarily dismiss an action without prejudice and without leave of court any time before the service of an answer by a defendant.  *See* Fed. R. Civ. P. 41(a)(1)(a)(i); *Crook v. WMC Mortgage Corp.*, No. 06-cv-535-JPG, 2006 WL 2873439, at *1 (S.D. Ill. Oct. 5, 2006).  Rule 41 provides further that in cases where a defendant has filed an answer, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  Also, "[i]f a defendant

---

1. DGC's operative complaint in this cause (Doc. 5) originally named as party Defendants McKesson Corporation, SSIMED, LLC ("SSIMED"), GE Healthcare, Inc., and Sage Software Healthcare, Inc. ("Sage"). On February 22, 2008, McKesson Corporation and GE Healthcare, Inc., were terminated from the litigation and current Defendants/Counterclaimants McKesson and GE were substituted for them.  Also, on April 21, 2008, SSIMED was terminated as a party to this litigation for lack of personal jurisdiction.  Finally, on July 15, 2009, Sage was dismissed from this action on a stipulated motion for voluntary dismissal.

has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." *Id*. *See also Will v. General Dynamics Corp*., Civil No. 06-698-GPM, 2007 WL 3145052, at *2 (S.D. Ill. Oct. 25, 2007). In this case, as noted, all seventeen current Defendants and Defendants/Counterclaimants in the case have answered DGC's complaint for patent infringement, and sixteen have counterclaimed for a judicial declaration of non-infringement and invalidity of the patent-in-suit; additionally, as noted, twelve Defendants and Defendants/Counterclaimants, eleven of which have brought counterclaims, have raised objections to DGC's motion to dismiss by way of a motion to strike DGC's motion. Therefore, voluntary dismissal in this case must be with leave of Court and only if the counterclaims that have been asserted in this case can remain pending for independent adjudication.

The Court turns first to the question of whether the counterclaims in this case can remain pending for independent adjudication. Under Federal Circuit law, which controls all issues of substantive patent law in this case while leaving for resolution under Seventh Circuit law any purely procedural questions, *see Showmaker v. Advanta USA, Inc*., 411 F.3d 1366, 1367 (Fed. Cir. 2005) (citing *C&F Packing Co. v. IBP, Inc*., 224 F.3d 1296, 1306 (Fed. Cir. 2000)), a request for a judicial declaration of non-infringement and invalidity of a patent is a compulsory counterclaim in a suit for infringement of the same patent. *See Polymer Indus. Prods. Co. v. Bridgestone/Firestone, Inc*., 347 F.3d 935, 937-38 (Fed. Cir. 2003); *Insituform Techs., Inc. v. Amerik Supplies, Inc.*, Civil Action No. 3:07CV687-HEH, 2008 WL 276404, at *2 (E.D. Va. Jan. 30, 2008) (citing *Vivid Techs., Inc. v. American Sci. & Eng'g, Inc*., 200 F.3d 795, 802 (Fed. Cir. 1999)). *See also Avante Int'l*

*Tech., Inc. v. Hart Intercivic, Inc.*, Civil No. 08-832-GPM, 2009 WL 2431993, at **4-5 (S.D. Ill. July 31, 2009); *AMP Inc. v. Zacharias*, No. 87 C 3244, 1987 WL 12676, at **2-3 (N.D. Ill. June 15, 1987).[2]  Under Seventh Circuit law, which controls the question of whether the counterclaims in this case can remain pending for independent adjudication, *see, e.g., Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc.*, 479 F.3d 1330, 1335-36 (Fed. Cir. 2007), the general and long-established rule is that a counterclaim for a judicial declaration of non-infringement or invalidity of a patent asserted in an action for infringement of the patent is capable of independent adjudication and therefore does not preclude voluntary dismissal of the underlying infringement suit. *See Trico Prods. Corp. v. Anderson Co.*, 147 F.2d 721, 723 (7th Cir. 1945); *SmithKline Beecham Corp. v. Pentech Pharms., Inc.*, 261 F. Supp. 2d 1002, 1004 (N.D. Ill. 2003) (Posner, J., sitting by designation); *England v. Deere & Co.*, 158 F. Supp. 904, 905 (S.D. Ill. 1958). *Accord McGraw-Edison Co. v. Preformed Line Prods. Co.*, 362 F.2d 339, 341-45 (9th Cir. 1966); *Hoffman-La Roche Inc. v. Genpharm Inc.*, 50 F. Supp. 2d 367, 371-72 (D.N.J. 1999). *See also* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2365 (3d ed. 1998 & Supp. 2009) (collecting cases).  Accordingly, the Court concludes that the counterclaims that have been asserted in this case can remain pending for independent adjudication and are not an obstacle to voluntary dismissal of DGC's original claim under Rule 41(a)(2).

---

2.   Because the counterclaims asserted in this case are genuine counterclaims, the Court notes that DGC's reliance on *Buller v. Owner Operator Independent Driver Risk Retention Group, Inc.*, 461 F. Supp. 2d 757 (S.D. Ill. 2006), as persuasive authority for the position that the Court can dismiss the counterclaims in this case is misplaced.  The counterclaims at issue in *Buller* in fact were affirmative defenses wrongly pleaded as counterclaims and therefore were not an obstacle to the voluntary dismissal of the entire suit.  *See id*. at 765-68.  This is not the case here.

Having determined that the pending counterclaims do not preclude a grant of voluntary dismissal, the Court turns to the issue of whether voluntary dismissal without prejudice is appropriate as to DGC's infringement claim, a procedural question that is governed by Seventh Circuit law. *See SmithKline Beecham Corp.*, 261 F. Supp. 2d at 1006. In general, of course, the grant or denial of voluntary dismissal under Rule 41(a)(2), together with any conditions imposed thereon, is committed to a district court's sound discretion. *See Mother & Father v. Cassidy*, 338 F.3d 704, 709 (7th Cir. 2003); *Moser v. Universal Eng'g Corp.*, 11 F.3d 720, 723 (7th Cir. 1993); *FDIC v. Knostman*, 966 F.2d 1133, 1142 (7th Cir. 1992); *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988); *Wisconsin Bell, Inc. v. MCIMETRO Access Transmission Servs., Inc.*, 218 F.R.D. 616, 618 (E.D. Wis. 2002); *Cottrell v. Village of Wilmette*, No. 92 C 8433, 1994 WL 63018, at *2 (N.D. Ill. Feb.11, 1994). "The district court abuses its discretion only when it can be established [that] the defendant will suffer 'plain legal prejudice' as the result of the district court's dismissal of the plaintiff's action." *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986). *See also McCall-Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir. 1985); *Planet Ins. Co. v. Griffith*, 712 F. Supp. 659, 660 (N.D. Ill. 1989). "[F]actors to be considered in examining motions to dismiss may properly include 'the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.'" *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980) (quoting *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969)). "The enumeration of the factors to be considered . . . is not equivalent to a mandate that each and every factor be resolved in favor of the moving party before dismissal is appropriate. It is rather simply a guide for the trial

judge, in whom the discretion ultimately rests." *Id*. *See also Endo v. Albertine*, 863 F. Supp. 708, 716 (N.D. Ill. 1994). Further, "the very concept of discretion presupposes a zone of choice within which the trial court may go either way . . . in granting or denying [voluntary dismissal]." *Outboard Marine*, 789 F.2d at 502 (quoting *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 971 (8th Cir. 1984)).

In this instance, the relevant factors weigh in favor of a grant of voluntary dismissal without prejudice. Although this action has been pending since 2007, it is not at an advanced stage. Motion practice has been very limited and it appears these proceedings largely have been stayed since August 2008 pending the outcome of a reexamination of the '366 patent by the United States Patent and Trademark Office. To date the parties have not submitted briefs on claim construction or attempted to schedule a *Markman* hearing. In short, it appears that these proceedings are at fairly early stage and that Defendants and Defendants/Counterclaimants have not been put to great effort and expense in this case.[3] Nor does it appear that DGC has been dilatory or failed to use diligence in seeking voluntary dismissal. Similarly, just as motion practice in this case has been limited, so no summary judgment motion is on file. Under these circumstances, the Court concludes that a grant of voluntary dismissal as to DGC's patent infringement claim is appropriate in this case. *See Buller*, 461 F. Supp. 2d at 768 (granting voluntary dismissal where the case, a putative class action, was not at an advanced stage, making it unlikely that the defendant had incurred great expense in defending

---

3. Defendants and Defendants/Counterclaimants contend that they have in fact been put to great effort and expense with respect to discovery in this case concerning, for example, the prosecution history of the '366 patent and that of the patents held by Defendants and Defendants/Counterclaimants on the accused products in this case. If so, the Court does not regard this as grounds to deny voluntary dismissal, because such discovery will be useful to Defendants and Defendants/Counterclaimants in the prosecution of the counterclaims in this case, which, the Court already found, can remain pending for independent adjudication by the Court.

the action, the plaintiff had not been dilatory in seeking dismissal, and no summary judgment motion had been filed).

The chief objection to DGC's motion to dismiss raised by Defendants and Defendants/Counterclaimants is that voluntary dismissal will result in legal prejudice to them because DGC may use a voluntary dismissal of its patent infringement claim in this case to procure an advantage in related litigation, particularly *Document Generation Corp. v. Allscripts, LLC*, Civil Action No. 6:08-CV-479 (E.D. Tex. filed Dec. 11, 2008), a suit regarding United States Patent No. 5,267,155, which is a continuation-in-part or child patent of the '366 patent. If this is true, it nevertheless does not constitute plain legal prejudice such as to warrant denial of DGC's motion for voluntary dismissal. In general, legal prejudice means that "dismissal would strip a defendant of a defense in potential litigation in an alternative forum." *Futch v. AIG, Inc.*, Civil No. 07-402-GPM, 2007 WL 1752200, at *3 (S.D. Ill. June 15, 2007) (collecting cases). Short of a situation in which voluntary dismissal would deprive a defendant of a defense in a related suit, however, it is well settled that "[t]he prospect of a second lawsuit or the creation of a tactical advantage . . . is insufficient to justify denying the plaintiff's motion to dismiss." *Id.* (quoting *Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1233 (7th Cir. 1983)). *See also Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971) ("In exercising its discretion the court follows the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."); *Woodzicka v. Artifex Ltd.*, 25 F. Supp. 2d 930, 936 (E.D. Wis. 1998) (granting voluntary dismissal without prejudice even though the dismissal "le[ft] the defendant subject to a second lawsuit on the same claims" because "the mere prospect of a second lawsuit" is not grounds to deny voluntary dismissal without prejudice). Accordingly, even

if it is the case that DGC seeks voluntary dismissal to gain advantage in a related lawsuit, this is not grounds to deny voluntary dismissal.[4]

As a last matter, the Court addresses the various conditions that Defendants and Defendants/Counterclaimants have asked the Court to impose on a grant of voluntary dismissal in this case. Specifically, they request that a grant of voluntary dismissal be conditioned in the following ways: that a grant of DGC's motion to dismiss be a voluntary dismissal with prejudice; that DGC be required to enter a binding covenant not to sue for infringement of the '366 patent; that DGC, should it sue again for alleged infringement of the '366 patent, be required to do so in this judicial district; and that DGC be required to pay the attorney fees and costs Defendants and Defendants/Counterclaimants have incurred to date in this action. With respect to whether a grant of voluntary dismissal of DGC's claim should be with prejudice or subject to the condition that DGC execute a covenant not to sue, the Court in its discretion rejects these proposed conditions. "Dismissal without prejudice should be permitted under the rule unless the court finds that the defendant will suffer legal prejudice." *Belkow v. Celotex Corp.*, 722 F. Supp. 1547, 1553 (N.D. Ill. 1989) (quoting *Puerto Rico Mar. Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981)). As already has been discussed, the Court concludes that Defendants and Defendants/Counterclaimants will not suffer legal prejudice if voluntary dismissal of DGC's patent infringement claim is granted. As to whether voluntary dismissal should be granted subject to the condition that, if DGC re-files its patent infringement claim, it must do so in this judicial district, it

---

4. Also, it should be noted, the Court sees little likelihood that voluntary dismissal of DGC's claim in this case will enable it to secure much advantage in related litigation, given that, as will be discussed in a bit more detail presently, any attempt by DGC to press its patent infringement claim as to the '366 patent in future litigation will necessarily have to be brought as a compulsory counterclaim (or counter-counterclaim) in this litigation.

is unnecessary to do this because, as DGC points out, if DGC attempts to re-file its claim it will be required to do so as a compulsory counterclaimant with respect to the pending claims of the counterclaiming Defendants in this case. *See Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937-38 (Fed. Cir. 1993); *Avante*, 2009 WL 2431993, at **4-5.

Finally, concerning whether a grant of DGC's motion for voluntary dismissal should be conditioned on DGC's payment of the attorney fees and costs Defendants and Defendants/Counterclaimants have incurred to date in this action, in general the purpose of such an award is to "reimburse the defendant for expenses incurred in preparing work product that will not be useful in subsequent litigation of the same claim." *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985). *See also Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994). In this instance, any legal work counsel for Defendants and Defendants/Counterclaimants have performed to date can be used in the prosecution of the counterclaims pending in this case (or, for that matter, in any related litigation concerning the '366 patent that may arise). Also, in the Seventh Circuit awards of attorney fees in patent cases are not favored, *see Sarkes Tarzian, Inc. v. Philco Corp.*, 351 F.2d 557, 560 (7th Cir. 1965); *Apex Elec. Mfg. Co. v. Altorfer Bros. Co.*, 238 F.2d 867, 874 (7th Cir. 1956); *Fansteel, Inc. v. Carmet Co.*, No. 72 C 72, 1981 WL 40518, at *14 (N.D. Ill. Jan. 13, 1981), and this case presents no exceptional circumstances warranting a departure from that general rule. However, Rule 41 specifically provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41(d). In view of the plain language of Rule 41(d), the Court in its discretion will condition a grant of DGC's

motion for voluntary dismissal without prejudice on DGC's payment of taxable costs pursuant to 28 U.S.C. § 1920 incurred by adverse parties in this action in the event DGC brings a second action on the claim it asserts in this case. *See National Shopping Plazas, Inc. v. Su Han*, No. 03 C 1646, 2005 WL 331562, at *3 (N.D. Ill. Feb. 9, 2005) (citing Fed. R. Civ. P. 41(d)).[5]

### III. CONCLUSION

DGC's motion for voluntary dismissal without prejudice (Doc. 260) is **GRANTED**, subject to the condition that DGC will pay the taxable costs incurred by adverse parties in this case in the event DGC files a new lawsuit on its claim in this case. The counterclaims brought in this case by NextGen, AllMeds, Misys, eClinicalWorks, Cerner, Pulse, Healthport, Infor-Med, McKesson, PMSI, Allscripts, A4 Health, MediNotes, GE, iMedica, and Noteworthy remain pending before the Court. The motion to strike DGC's motion for voluntary dismissal brought by McKesson, PMSI, Cerner, NextGen, Healthport, GE, MediNotes, iMedica, AMT, Allscripts, Misys, and AllMeds (Doc. 263) is **DENIED**.

**IT IS SO ORDERED.**

DATED: September 1, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

5. At the hearing the Court conducted on DGC's motion to dismiss the parties were asked to submit briefs on the issue of whether, upon voluntary dismissal of DGC's original claim, the counterclaims in this case present a case of actual controversy under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the parties have done so. The Court is satisfied that under the standard enunciated in *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007), the counterclaims present a justiciable controversy notwithstanding the dismissal of DGC's original claim, although the Court intends to address the issue of justiciability in more detail in a separate order.