IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DOCUMENT GENERATION )
CORPORATION, )
 )
    Plaintiff/Counter Defendant, )
 )
vs. ) CIVIL NO. 07-841-GPM
 )
ALLMEDS, INC., et al., )
 )
    Defendants/Counterclaimants. )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

### I. INTRODUCTION

This matter is before the Court sua sponte on the question of federal subject matter jurisdiction. *See Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) ("[T]he court has an independent duty to satisfy itself that it has subject-matter jurisdiction."); *Commercial Nat'l Bank of Chicago v. Demos*, 18 F.3d 485, 487 (7th Cir. 1994) ("[W]e must consider the issue [of subject matter jurisdiction] *sua sponte* when it appears from the record that jurisdiction is lacking."); *Kuntz v. Illinois Cent. R.R. Co.*, 469 F. Supp. 2d 586, 588 (S.D. Ill. 2007) (quoting *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002)) (undertaking reconsideration sua sponte of an order denying remand of a case to state court for lack of subject matter jurisdiction because "not only may the federal courts police subject matter jurisdiction *sua sponte*, they must.").

This is an action brought by Plaintiff/Counter Defendant Document Generation Corporation ("DGC") under 35 U.S.C. § 271 for alleged infringement of United States Patent No. 5,148,366

("the '366 patent") by Defendants/Counterclaimants AllMeds, Inc. ("AllMeds"), Allscripts, LLC ("Allscripts"), Cerner Corporation ("Cerner"), Healthport, Inc. ("Healthport"), eClinicalWorks, LLC ("eClinicalWorks"), iMedica Corporation ("iMedica"), MediNotes Corporation ("MediNotes"), Misys Healthcare Systems, LLC ("Misys"), NextGen Healthcare Information Systems, Inc. ("NextGen"), Noteworthy Medical Systems, Inc. ("Noteworthy"), Infor-Med Medical Information Systems, Inc. ("Infor-Med"), Pulse Systems, Inc. ("Pulse"), f/k/a Advanced Health Care Systems, Inc., Physician Micro Systems, Inc. ("PMSI"), A4 Health Systems, Inc. ("A4 Health"), General Electric Company ("GE") d/b/a GE Healthcare d/b/a GE Healthcare, Inc., and McKesson Information Solutions, LLC ("McKesson"), together with non-counterclaiming Defendant AMT Solutions, Inc. ("AMT"), a/k/a e-MDs, Inc. Counterclaims for a judicial declaration of non-infringement and invalidity of the '366 patent are asserted by NextGen (Doc. 134), AllMeds (Doc. 136 ), Misys (Doc. 137), eClinicalWorks (Doc. 142), Cerner (Doc. 143), Pulse (Doc. 144), Healthport (Doc. 145), Infor-Med (Doc. 147), McKesson and PMSI (Doc 148), Allscripts and A4 Health (Doc. 149), MediNotes (Doc. 150), GE (Doc. 153), iMedica (Doc. 156), and Noteworthy (Doc. 157).

On July 20, 2009, the Court conducted a hearing on a motion by DGC for leave to dismiss its infringement claim. At the close of the hearing the Court granted DGC's request for voluntary dismissal.[1] Additionally, the Court requested that DGC and the counterclaiming parties to this case submit briefing on the issues of the Court's subject matter jurisdiction with respect to the counterclaims and the propriety of abstaining from exercising jurisdiction over the counterclaims. The parties have submitted briefs as requested and the Court now rules as follows.

---

1. As a result of the grant of voluntary dismissal, AMT is no longer a party to this case.

## II. ANALYSIS

### A. Justiciability

Because, as noted, issues concerning subject matter jurisdiction are fundamentally preliminary, the Court turns first to the question of whether the sixteen counterclaims pending before the Court in the wake of DGC's voluntary dismissal of its original patent infringement claim present a justiciable controversy. The counterclaims are brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, which provides, in pertinent part, that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). A "case of actual controversy" for purposes of Section 2201(a) means a "Case[ ]" or "Controvers[y]" as those terms are employed in Article III of the Constitution delimiting the scope of the federal judicial power. U.S. Const. art. III, § 2, cl. 1. *See also Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 239-40 (1937); *Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 879 (Fed. Cir. 2008); *Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1338 (Fed. Cir. 2007).[2]

In *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007), the Court articulated a new standard of justiciability in patent cases seeking declaratory relief, rejecting the so-called "reasonable apprehension of suit" standard that had been developed by the Federal Circuit Court of Appeals. Under the earlier standard, a party seeking declaratory relief in a patent case was required

---

2. "In patent cases, the law of the United States Court of Appeals for the Federal Circuit governs when determining whether there is an actual controversy." *Avante Int'l Tech., Inc. v. Hart Intercivic, Inc.*, Civil No. 08-832-GPM, 2009 WL 2431993, at *2 n.2 (S.D. Ill. July 31, 2009) (quoting *Rauckman Util. Prods., L.L.C. v. Tyco Elec. Logistics AG*, Civil No. 06-133-GPM, 2006 WL 2349945, at *3 (S.D. Ill. Aug. 11, 2006)).

to show "both (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity." *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1343-44 (Fed. Cir. 2007) (citing *BP Chems. Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 978 (Fed. Cir. 1993)). In *MedImmune*, the Court held that in order for a court to have jurisdiction over a declaratory judgment action, "the dispute [must] be 'definite and concrete, touching the legal relations of parties having adverse legal interests'; and . . . it [must] be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" 549 U.S. at 127 (quoting *Aetna Life*, 300 U.S. at 240-41). The *MedImmune* Court emphasized that there is no bright-line rule for determining whether a declaratory judgment action presents a justiciable controversy. *See id*. Rather, the Court held, in every case the party seeking to base jurisdiction on 28 U.S.C. § 2201(a) bears the burden of proving that "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id*. (quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). *See also Cat Tech*, 528 F.3d at 879 (noting that in every action for declaratory relief the analysis of whether an actual controversy exists "must be calibrated to the particular facts of each case"); *Caraco Pharm. Labs., Ltd. v. Forest Labs., Inc.*, 527 F.3d 1278, 1290 (Fed. Cir. 2008) (a court must "look at . . . all the circumstances . . . to determine whether . . . an action for a declaratory judgment of noninfringement or patent invalidity presents . . . a justiciable Article III controversy.").

Applying the *MedImmune* standard in this case, the Court has no difficulty in concluding that the counterclaims for a judicial declaration of non-infringement and invalidity of the '366 patent pending in this case present a justiciable controversy. In a recent decision the Federal Circuit Court of Appeals held that "declaratory judgment jurisdiction generally will not arise merely on the basis that a party learns of the existence of a patent owned by another or even perceives such a patent to pose a risk of infringement, without some affirmative act by the patentee." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1380-81 (Fed. Cir. 2007). However, the court explained, "Article III jurisdiction may be met where the patentee takes a position that puts the declaratory judgment plaintiff in the position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do." *Id*. at 1381. *See also Patch Prods., Inc. v. L.B. Games, Inc.*, No. 09-cv-40-slc, 2009 WL 1249981, at *4 (W.D. Wis. May 6, 2009); *Tuthill Corp. v. ArvinMeritor, Inc.*, No. 07 C 2758, 2008 WL 4200888, at *3 (N.D. Ill. Sept. 5, 2008). Thus, "where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights." *SanDisk*, 480 F.3d at 1381. Additionally, the Federal Circuit Court of Appeals has instructed, "[a] useful question to ask in determining whether an actual case and controversy exists is what, if any, cause of action the declaratory judgment defendant may have against the declaratory judgment plaintiff." *Benitec*, 495 F.3d at 1344 (citing *Microchip Tech. Inc. v. Chamberlain Group, Inc.*, 441 F.3d 936, 943 (Fed. Cir. 2006)). This is because "[w]ithout an underlying legal cause of action, any adverse economic interest that the declaratory plaintiff may have against the

declaratory defendant is not a legally cognizable interest sufficient to confer declaratory judgment jurisdiction." *Id*.

In this instance DGC has taken a position that has put the counterclaiming parties in this case in the position of either continuing to pursue arguably unlawful behavior or abandoning that which the counterclaiming parties assert a right to do. The Court concludes that "under all the circumstances" a "definite and concrete" controversy exists between parties having adverse legal interests, and the controversy is of sufficient "immediacy and reality to warrant the issuance of a declaratory judgment," such that a judicial declaration of non-infringement and invalidity of the '366 patent would not simply amount to "an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune*, 549 U.S. at 127. *See also Teva Pharms.*, 482 F.3d at 1338 (quoting *MedImmune*) ("[A] declaratory judgment plaintiff is only required to satisfy Article III, which includes standing and ripeness, by showing under 'all the circumstances' an actual or imminent injury caused by the defendant that can be redressed by judicial relief and that is of 'sufficient immediacy and reality.'"). "Article III 'd[oes] not require, as a prerequisite to testing the validity of the law in a suit for injunction, that the plaintiff bet the farm, so to speak, by taking the violative action,'" because "'the declaratory judgment procedure is an alternative to pursuit of the arguably illegal activity.'" *SanDisk*, 480 F.3d at 1378 (quoting *MedImmune*, 549 U.S. at 129). By the same token, the counterclaiming parties in this case need not bet the farm and risk further litigation against them by DGC by continuing in the accused activities before seeking a declaration of their legal rights. The Court finds that a prima facie case of actual controversy within the meaning of 28 U.S.C. § 2201(a) exists with respect to the counterclaims in this case and is ripe for adjudication by the Court.

B.  **Abstention**

As noted, at the hearing in this case on July 20, 2009, the Court asked the parties to the case to submit briefs as to whether the Court should abstain from exercising jurisdiction over the counterclaims in the case, and the parties have done so. Unfortunately, the doctrine of abstention the parties have briefed is the one enunciated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), which holds, of course, that in "exceptional" circumstances a federal court may refrain from exercising jurisdiction in the interest of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id*. at 817-18. The *Colorado River* doctrine applies where parallel suits are pending concurrently in federal and state court; where, as here, there is no parallel suit pending in state court the *Colorado River* doctrine is not applicable. *See In re Chicago Flood Litig.*, 819 F. Supp. 762, 764 (N.D. Ill. 1993) (citing *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1287 (7th Cir. 1988)) (in determining whether to stay proceedings pursuant to the *Colorado River* doctrine, "[a]s a threshold matter, the court must ascertain whether parallel state proceedings actually exist" because "[w]ithout parallel proceedings, *Colorado River* abstention is inapplicable."). *Accord Kirkbride v. Continental Cas. Co.*, 933 F.2d 729, 734 (9th Cir. 1991) (finding the *Colorado River* doctrine inapplicable because there was no concurrent or pending state-court proceeding after the state-court case was removed to federal court); *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28, 31 (6th Cir. 1984) ("A necessary requirement for application of [the] *Colorado River* doctrine . . . is the presence of a parallel, state proceeding.") (emphasis omitted); *Piekarski v. Home Owners Sav. Bank*, 743 F. Supp. 38, 42 (D.D.C. 1990) (removal of a parallel state-court proceeding to federal court rendered the *Colorado River* doctrine inapplicable); *Allstate Ins. Co. v. Longwell*,

735 F. Supp. 1187, 1192 (S.D.N.Y. 1990) (same).³ A suit related to this one is pending in a federal district court in Texas, specifically *Document Generation Corp. v. Allscripts, LLC*, Civil Action No. 6:08-CV-479 (E.D. Tex. filed Dec. 11, 2008), but issues regarding parallel suits about patents that are pending concurrently in different federal courts are resolved under the rubric of the "first-filed" rule, not the *Colorado River* doctrine. *See Serco Servs. Co., L.P. v. Kelley Co.*, 51 F.3d 1037, 1038 (Fed. Cir. 1995) (citing *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993)). Also, it is unclear whether the suit in the district court in Texas in fact is parallel to this suit, as the Texas litigation concerns United States Patent No. 5,267,155 ("the '155 patent"), not the '366 patent, although the '155 patent is a continuation-in-part ("CIP") of the '366 patent. It appears from the record that the Texas suit involves some of the parties to this action as well as the child patent of the patent-in-suit here, but this is not sufficient to establish that this case and the Texas case are parallel or substantially overlapping for purposes of the first-filed rule. *See, e.g., ResQNet.com, Inc. v. Lansa, Inc.*, 346 F.3d 1374, 1382 (Fed. Cir. 2003) (finding that differences between the claim language in a parent patent and a CIP were "significant," requiring the court to interpret "the claim anew, without regard to the interpretation" of the claims of the parent patent).

The doctrine of abstention the Court wishes the parties to address is not *Colorado River* but the principle enunciated in *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), that when a federal court has jurisdiction of a suit for declaratory relief, the court is "under no

---

3. As a practical matter, of course, it is impossible for a state court to entertain the counterclaims asserted in this case, given that actions for a declaratory judgment of non-infringement or invalidity of a patent are matters of exclusive federal jurisdiction. *See* 28 U.S.C. § 1338(a); *Cordis Corp. v. Medtronic, Inc.*, 835 F.2d 859, 862-63 (Fed. Cir. 1987); *C.R. Bard, Inc. v. Schwartz*, 716 F.2d 874, 879-80 (Fed. Cir. 1983).

compulsion to exercise that jurisdiction," *id*. at 494, and at times the better exercise of discretion favors abstention, "[e]ven assuming that the immediacy and reality prerequisites for declaratory judgment relief have been met[.]" *Cat Tech*, 528 F.3d at 883 (citing *SanDisk*, 480 F.3d at 1383). "[T]here is . . . nothing automatic or obligatory about the assumption of . . . jurisdiction . . . by a federal court . . . to hear a declaratory judgment action. . . . . By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). "Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close." *Id*.[4] Though the Court has concluded that under *MedImmune* the pending counterclaims in this case present a case of actual controversy that is ripe for adjudication by the Court, it may be proper for the Court to decline to exercise its jurisdiction under the Declaratory Judgment Act at this time. Therefore, the Court will direct the parties to this case to brief the issue of whether it is appropriate for the Court to abstain under the *Brillhart* doctrine from exercising jurisdiction with respect to the counterclaims asserted in this case for a judicial declaration of non-infringement and invalidity of the '366 patent.

---

4. Unlike *Colorado River* abstention which requires, as already has been discussed, a parallel state-court proceeding, under *Brillhart* a court may abstain from entertaining a declaratory judgment action in the absence of a parallel proceeding. *See Wilton*, 515 U.S. at 290; *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 423 (4th Cir. 1998); *Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750, 754 (9th Cir. 1996), *overruled in part on other grounds by Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998); *Allstate Ins. Co. v. Seelye*, 198 F. Supp. 2d 629, 632 (W.D. Pa. 2002); *Board of County Comm'rs of Marshall County v. Continental W. Ins. Co.*, 184 F. Supp. 2d 1117, 1120-21 (D. Kan. 2001).

### III. CONCLUSION

The Court hereby **FINDS** that the counterclaims asserted in this case by NextGen, AllMeds, Misys, eClinicalWorks, Cerner, Pulse, Healthport, Infor-Med, McKesson, PMSI, Allscripts, A4 Health, MediNotes, GE, iMedica, and Noteworthy present a case of actual controversy within the meaning of 28 U.S.C. § 2201(a) that is ripe for adjudication by the Court. Also, the Court **ORDERS** the parties to this case (NextGen, AllMeds, Misys, eClinicalWorks, Cerner, Pulse, Healthport, Infor-Med, McKesson, PMSI, Allscripts, A4 Health, MediNotes, GE, iMedica, Noteworthy, and DGC) to submit briefs of no more than twenty (20) pages on the issue of the propriety of *Brillhart* abstention in this case not later than thirty (30) days from the date of entry of this Order.[5]

**IT IS SO ORDERED.**

DATED: September 1, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

5. The counterclaiming parties to this case are invited to submit a joint brief, if possible.