IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLMEDS, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )   CIVIL NO. 07-841-GPM |
| | ) |
| DOCUMENT GENERATION CORPORATION, | ) |
| | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the question of abstention. In this action, as the parties currently are aligned, Plaintiffs AllMeds, Inc. ("AllMeds"), Allscripts, LLC ("Allscripts"), Cerner Corporation ("Cerner"), Healthport, Inc. ("Healthport"), eClinicalWorks, LLC ("eClinicalWorks"), iMedica Corporation ("iMedica"), MediNotes Corporation ("MediNotes"), Misys Healthcare Systems, LLC ("Misys"), NextGen Healthcare Information Systems, Inc. ("NextGen"), Noteworthy Medical Systems, Inc. ("Noteworthy"), Infor-Med Medical Information Systems, Inc. ("Infor-Med"), Pulse Systems, Inc. ("Pulse"), f/k/a Advanced Health Care Systems, Inc., Physician Micro Systems, Inc. ("PMSI"), A4 Health Systems, Inc. ("A4 Health"), General Electric Company ("GE") d/b/a GE Healthcare d/b/a GE Healthcare, Inc., and McKesson Information Solutions, LLC ("McKesson"), seek a judicial declaration of non-infringement and invalidity pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, with respect to United States Patent No. 5,148,366 ("the '366 patent"), which is held by Defendant Document Generation

Corporation ("DGC") and which currently is being reexamined by the United States Patent and Trademark Office.[1] On September 1, 2009, the Court entered an order holding that this case presents a justiciable controversy under the standard enunciated in *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007), and directing the parties to submit briefs on the propriety of abstention in this case pursuant to the doctrine set forth in *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942). *See Document Generation Corp. v. AllMeds, Inc.*, Civil No. 07-841-GPM, 2009 WL 2848997, at *5 (S.D. Ill. Sept. 1, 2009). The parties have submitted briefs as ordered, *see* Docs. 293 & 294, and the Court now rules as follows.

In *Brillhart* the Court held that even when a district court has jurisdiction of a suit for a declaratory judgment pursuant to 28 U.S.C. § 2201, it is "under no compulsion to exercise that jurisdiction" and instead has broad discretion to stay or dismiss the action. 316 U.S. at 494. *See also North Shore Gas Co. v. Salomon Inc.*, 152 F.3d 642, 647 (7th Cir. 1998); *Sta-Rite Indus., Inc. v. Allstate Ins. Co.*, 96 F.3d 281, 287 (7th Cir. 1996); *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995); *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 747 (7th Cir. 1987); *International Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1217 (7th Cir. 1980). In *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), the Court observed that *Brillhart* "makes clear

---

1. DGC originally brought this action under 35 U.S.C. § 271 for alleged infringement of the '366 patent by AllMeds, Allscripts, Cerner, Healthport, eClinicalWorks, iMedica, MediNotes, Misys, NextGen, Noteworthy, Infor-Med, Pulse, PMSI, A4 Health, GE, and McKesson, whereupon AllMeds, Allscripts, Cerner, Healthport, eClinicalWorks, iMedica, MediNotes, Misys, NextGen, Noteworthy, Infor-Med, Pulse, PMSI, A4 Health, GE, and McKesson counterclaimed for, as noted, a judicial declaration of non-infringement and invalidity of the patent. Following the Court's grant of voluntary dismissal as to DGC's infringement claim, *see Document Generation Corp. v. AllMeds, Inc.*, Civil No. 07-841-GPM, 2009 WL 2849076, at *5 (S.D. Ill. Sept. 1, 2009), on September 9, 2009, the Court realigned AllMeds, Allscripts, Cerner, Healthport, eClinicalWorks, iMedica, MediNotes, Misys, NextGen, Noteworthy, Infor-Med, Pulse, PMSI, A4 Health, GE, and McKesson as Plaintiffs in this action and DGC as Defendant in this action.

that district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." 515 U.S. at 282. In *Wilton* the Court clarified that a district court's decision to stay or dismiss a declaratory judgment action is not governed by the rigorous standard for abstention articulated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), whereby a federal court may refrain from exercising jurisdiction only in exceptional circumstances. *See* 515 U.S. at 287-88. Rather, the Court held, the decision to abstain in a declaratory judgment action is controlled by the less demanding principle set forth in *Brillhart* that a federal court may decline in its discretion to entertain such a suit where doing so comports with "considerations of practicality and wise judicial administration." 515 U.S. at 288.

"In deciding whether to entertain a declaratory judgment request, a court must determine whether resolving the case serves the objectives for which the Declaratory Judgment Act was created." *Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 883 (Fed. Cir. 2008). Generally speaking, the Declaratory Judgment Act was designed to prevent cases where an individual must choose between "abandoning his rights or risking prosecution." *MedImmune*, 549 U.S. at 129 (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 152 (1967)). The Court already has held that "DGC has taken a position that has put the [Plaintiffs] in this case in the position of either continuing to pursue arguably unlawful behavior or abandoning that which the [Plaintiffs] assert a right to do." *Document Generation Corp.*, 2009 WL 2848997, at *3. "Article III [of the Constitution] 'd[oes] not require, as a prerequisite to testing the validity of the law in a suit for injunction, that the plaintiff bet the farm, so to speak, by taking the violative action,'" because "'the declaratory judgment procedure is an alternative to pursuit of the arguably illegal activity.'" *Id*.

(quoting *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1378 (Fed. Cir. 2007)). "By the same token, the [Plaintiffs] in this case need not bet the farm and risk further litigation against them by DGC by continuing in the accused activities before seeking a declaration of their legal rights." *Id*. In light of the Court's earlier finding that this matter involves a case of actual controversy within the meaning of 28 U.S.C. § 2201, this case presents "precisely the type of 'dilemma that it was the very purpose of the Declaratory Judgment Act to ameliorate,'" so that it would be an abuse of discretion for the Court to decline to exercise its jurisdiction. *Cat Tech*, 528 F.3d at 883 (quoting *MedImmune*, 549 U.S. at 129). Indeed, as Plaintiffs point out, this case is an exceptionally poor candidate for abstention because Plaintiffs are actually engaged in the sale of products that DGC alleges to be infringing, rather than merely preparing to sell a product alleged to be infringing. *See id*. at 884 (quoting *Wembley, Inc. v. Superba Cravats, Inc.*, 315 F.2d 87, 90 (2d Cir. 1963)) ("[I]t would be economically wasteful to require a plaintiff to embark on an actual program of manufacture, use or sale which may turn out to be [infringing].").

Similarly, the five-factor test courts in this Circuit customarily use in evaluating the propriety of *Brillhart* abstention likewise does not favor relinquishment of jurisdiction.[2] In determining whether or not to hear a declaratory judgment action, a court typically considers the following factors: (1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an

---

2. It is not entirely clear to the Court whether the issue of the propriety of *Brillhart* abstention is controlled by the law of the Seventh Circuit or that of the Federal Circuit. *See Intravascular Research Ltd. v. Endosonics Corp*., 994 F. Supp. 564, 567-68 (D. Del. 1998). In the interest of completeness, then, the Court addresses the question under the law of both Circuits.

arena for a race for *res judicata*"; (4) whether the use of a declaratory judgment action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective. *NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 579 (7th Cir. 1994) (citing *Nationwide Mut. Fire Ins. Co. v. Willenbrink*, 924 F.2d 104, 105 (6th Cir. 1991)).  *See also Molex Inc. v. Wyler*, 334 F. Supp. 2d 1083, 1088 (N.D. Ill. 2004); *Schauf v. Mortgage Bankers Serv. Corp.*, No. 01C4442, 2001 WL 1539051, at *2 (N.D. Ill. Nov. 29, 2001); *Leaf, Inc. v. Clay White Assocs., Inc.*, No. 95 C 7154, 1996 WL 580876, at *2 (N.D. Ill. Oct. 4, 1996).  Here, as the Court already found in deciding that this case presents a justiciable controversy, a declaratory judgment will settle the controversy between Plaintiffs and DGC and clarify the legal rights of the parties with respect to the '366 patent.  Nothing in the record suggests that Plaintiffs have contrived this lawsuit and in fact, as already has been noted, it was DGC that originally sued the now-Plaintiffs in this case in this forum.  The issues concerning non-infringement and invalidity of the '366 patent presented by this case are, of course, matters of exclusive federal jurisdiction, *see Document Generation Corp.*, 2009 WL 2848997, at *4 n.3, and therefore entertaining this lawsuit will neither increase friction between federal and state courts nor improperly encroach on state jurisdiction.  Finally, concerning whether there is an alternative remedy that is better or more effective than this suit, the Court is not aware of any litigation pending in any other forum regarding a judicial declaration of non-infringement and invalidity of the '366 patent, although the Court is aware that a suit is pending in federal court in Texas concerning United States Patent No. 5,267,155, which is a child patent or continuation-in-part of the '366 patent.  *See id*. at *4.  In sum, the Court finds that *Brillhart* abstention is not warranted in this case.

To conclude, having reviewed carefully the submissions of the parties regarding the propriety of *Brillhart* abstention in this instance, the Court concludes that such abstention is not appropriate. Accordingly, the Court declines to abstain.

**IT IS SO ORDERED.**

DATED: October 23, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge